## BENNIE RANDALL v. THE STATE.

No. 19865.   Delivered June 8, 1938.
Rehearing denied October 19, 1938.

The opinion states the case.

*Harry D. Larson* and *Emanuel Roos,* both of Eagle Lake, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, death.

Mrs. Ida Smith testified, in substance, as follows: She was 77 years of age and lived alone on her farm. On the night of the 21st of January, 1938, she had gone to bed when she heard a sound which led her to believe that some one had entered the house. When she got up for the purpose of making an investigation a man grabbed her and pushed her down on the bed. She screamed and begged him not to kill her. He admonished her to make no further outcry. She said: "I tried to get loose but couldn't, he was so big. I just couldn't do nothing." Holding her down on the bed, her assailant had an act of sexual intercourse with her. She did all she could to prevent the outrage. Again, she testified: "He had me down and crushed me down until my hips hurt so I couldn't do anything at all."

Manuel Garcia, a witness for the State, testified that he went with appellant to the home of the prosecutrix on the night in question; that appellant entered the house through a window while the witness remained outside; that within ten or fifteen minutes appellant came out of the house and he and the witness left.

The State introduced in evidence appellant's voluntary confession, which, omitting the formal parts, reads as follows:

"My name is Bennie Randle. I am 25 years old, am single, and live at New Ulm, Texas. For the past four or five weeks I have been staying on Mr. Hurley's farm, about 7 or 8 miles from New Ulm, on Route No. 2, in Colorado County, Texas. My work in Colorado County was cutting wood.

"On or about the morning of January 21st, 1938, Manuel Garcia, a Mexican boy and myself, both of us working for Mr. Fritz Hinson, went to the woods to cut wood and we worked until about two P. M. on that date. It was raining some and we quit work at the above time on account of the rain. After leaving work we went to the little house of Mr. Hurley's where Manuel Garcia and I were staying. We remained at the house until about 6:30 P. M., and Manuel Garcia and I started hunting. That evening Manuel had ask me to go hunting with him that night and I told him that I would if it was not raining. We started out through the woods and some time later arrived at a house about 2 miles from where we were staying. After we came to the house Manuel Garcia told me that a widow woman lived there. Manuel Garcia told me that this lady lived alone. At the time we came up to the house, which I later found out that Mrs. Ida Smith lived in, it was something like seven thirty or eight o'clock P. M.

"At this time Manuel Garcia ask me if I would like some cake or money and I told him that I worked for my money but Manuel told me that we could go into the house and get some money and that we would divide whatever money we found. Manuel told me to keep watch and he would go in and he tried to get into the house through a window, which he attempted to raise with a stick. After Manuel Garcia raised the window I told him that if he would watch out that I would go in the house, as he might make too much noise as he was hard of hearing. After the window was raised I went into the house occupied by Mrs. Ida Smith. I found some cake and I handed Manuel Garcia part of the cake, after I had already eaten part of it. Then I went into another room looking for some money and I kindly stumbled over some kind of a little rug on the floor. About that

time I heard some one strike a match and when the match flamed up I saw that a woman was holding it. The woman I later learned to be Mrs. Ida Smith. Mrs. Smith is a white woman.

"When I saw Mrs. Smith I grabbed her and pushed her back on the bed and she ask me not to hurt her and I told her that I was not going to hurt her. I was holding her by both arms. She was a small woman. While I was holding her down on the bed, I reached down and pulled her gown up and inserted my male organ into her female organ and had intercourse with her. Before I began the intercourse Mrs. Smith ask me not to do that to her. I did not stop when she ask me not to do that but went ahead and had intercourse with her. I did not have Mrs. Smith's permission to have intercourse with her but forced her to permit it. It took me something like 5 or 10 minutes to complete the intercourse to my satisfaction.

"After having intercourse with Mrs. Ida Smith I left the house through the window that I had entered through and Manuel Garcia and I left and went to our home. I did not tell him about what I had done to Mrs. Ida Smith. This statement has been read to me and I have read it and it is true and correct."

Appellant did not testify and introduced no witnesses.

No exceptions were leveled at the charge of the court, and no bills of exception are found in the record.

We deem the evidence sufficient to support the conviction.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant has filed a motion for rehearing, herein in which he strenuously insists that the evidence is not sufficient to show that the injured lady offered a sufficient amount of resistance to indicate that the appellant overcame her resistance by force. As evidenced by our original opinion herein, the lady was seventy-seven years of age, was small, and her condition evidently accompanied by the physical infirmities that would be expected to be present in one of her advanced years. The evidence does show that appellant used force, and

all the force that was necessary to accomplish his purpose, and did ravish this aged lady without her consent, and in spite of the exercise of her feeble strength to prevent such an attack.

We have again read the record, and can find no error therein.

The motion is overruled.